**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **KING, ET AL.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 07-73** |
| | * | |
| **STATE FARM INSURANCE, ET AL.** | * | **SECTION "L"(5)** |

## ORDER & REASONS

Before the Court is Defendant State Farm Fire and Casualty Company's ("State Farm")

Motion for Summary Judgment (Rec. Doc. NO. 41). This motion came on for hearing on August

27, 2008. For the following reasons, the motion is hereby GRANTED.

**I.      Factual and Procedural Background**

This case arises out of property damage as a result of Hurricane Katrina. The Hurricane

caused flood damage to Plaintiffs' property at 4900 St. Charles Avenue in New Orleans,

Louisiana. The property in question is a condominium unit, which was covered by a Standard

Flood Insurance Policy ("SFIP") issued by the State Farm Insurance Company ("State Farm") to

the Plaintiffs.  As a result of the damages caused by Hurricane Katrina, Plaintiffs notified State

Farm and made claims under the policy.

The Casa Grande Condominium Association, Inc. ("Casa Grande") owned the property

on which Plaintiffs' unit was located.  At the time of the Hurricane, Casa Grande had a standard

federal flood insurance policy issued by Standard Fire Insurance Company. Casa Grande reached

a settlement with the Standard Fire Insurance Company. Casa Grande sent the Plaintiffs a copy

of the settlement and a check for $275.29 as the Plaintiffs' share of the settlement.

On August 29, 2006, the Plaintiffs filed suit in the Civil District Court for the Parish of

Orleans in Louisiana seeking insurance proceeds allegedly owed under the flood policy. The

case was removed to federal court on January 4, 2007.  Following the filing of the complaint, the

Court has granted the Motion to Dismiss the Metropolitan Property and Casualty Insurance

Company, and the Motion for Summary Judgment of the Standard Fire Insurance Company.

Casa Grande and State Farm Fire and Casualty Company are the only parties remaining in this

litigation.

The parties dispute the Plaintiffs' eligibility under Coverage A (Building Property) of the

policy. The Plaintiffs claim that they have submitted documentation of loss to State Farm, and

that State farm did not pay these claims. Moreover, the Plaintiffs allege that Casa Grande failed

to properly insure the property and failed to fulfill their obligations to repair the property.

The Defendants deny liability. State Farm alleges that any responsibilities to the

Plaintiffs are contained in the Standard Flood Insurance Policy (SFIP), which bars some or all of

the Plaintiffs' claims. State Farm further alleges that the Plaintiffs' were ineligible for recovery

under Coverage A because of the coverage provided by Casa Grande. Casa Grande denies any

duty to repair individual units.

## II.     Present Motion

In the present motion, the Defendants argue that no genuine issues of material fact exist

in this case and that they are entitled to judgment as a matter of law.  The parties dispute the

Plaintiffs' eligibility under Coverage A of the policy. The parties disagree on whether the

insurance provided by State Farm is excess insurance to the coverage provided by Casa Grande,

and whether the Plaintiffs' claim should be barred because of the policy's proof of loss

requirements.

The Defendants argue that the Plaintiffs failed to comply with the proof of loss

requirement of the National Flood Insurance Program ("NFIP"). The Defendants cite *Flick v.*

*Liberty Mut. Fire Ins. Co.*, 205 F.3d 386 (9th Cir. 2000) and *Richardson v. American Bankers*

*Ins. Co. of Florida*, 2008 WL 510518 (5th Cir. Feb. 27, 2008) to support the argument that the

proof of loss requirements must be strictly enforced. Citing the Plaintiffs' affidavits, the

Defendant states that the Plaintiffs testified that they did not timely submit a signed and sworn

proof of loss. The Defendant contends Plaintiffs' claims fail as a matter of law because the

Plaintiffs failed to strictly comply with the NFIP by submitting a signed and sworn proof of loss.

In opposition, the Plaintiffs claim they submitted sufficient proof of loss prior to filing

suit. The Plaintiff claim that the Defendants have not stated what part of the required items in the

proof of loss Plaintiffs have failed to provide. The Plaintiffs allege that the Statement of Loss

located at Bates Number FL0091, in addition to a letter submitted to the Defendants which does

not appear in the Claim File, satisfy the requirements of proof of loss. As such, there are genuine

issues of material fact that cannot be resolved on summary judgment.

Plaintiff further contends that strict compliance with the proof of loss requirement is not

necessary where adequate information has been submitted to support the loss. The Plaintiffs

argue that they have submitted enough information for the merits of their claim to be evaluated.

The Plaintiffs cite *Oechsner v. Hartford Life Ins. Co.*, 2008 WL 89514 (E.D. La. Jan. 7, 2008)

and *Copeland v. Fed. Emergency Mgmt. Agency*, 2004 WL 325577 (E.D. La. Feb. 18, 2004) to

support the argument that summary judgment should be denied where there is a factual issue as

to whether claimant has submitted sufficient information for the insurer to evaluate the merits of

the loss.

III.    **Law and Analysis**

Summary judgment is appropriate in a case if "there is no genuine issue as to any

material fact." Fed. R. Civ. P. 56(c). "The moving party bears the burden of demonstrating that

there exists no genuine issues of material fact." *In re Vioxx Products Liability Litigation*, 501

F.Supp.2d 776, 781 (E.D. La. 2007). In determining whether a genuine issue of material fact

exists, the Court must "review the facts drawing all inferences most favorable to the party

opposing the motion." *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 137 (5th Cir. 2004). But

because "only those disputes over facts that might affect the outcome of the lawsuit under

governing substantive law will preclude summary judgment," questions that are unnecessary to

the resolution of a particular issue "will not be counted." *Phillips Oil Co. V. OKC Corp.*, 812

F.2d 265, 272 (5th Cir. 1987).

Congress created the National Flood Insurance Program ("NFIP") to provide coverage at

or below actuarial rates because private insurance companies could not economically underwrite

these policies. *See Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir.1998). The program is operated

by the Federal Emergency Management Agency ("FEMA") and underwritten by the U.S.

Treasury. All flood loss claims presented under the NFIP are paid directly with U.S. Treasury

funds. *See id.*

The Defendant State Farm is a Write Your Own Program carrier participating in the NFIP.

Under the NFIP, flood loss policies can be issued directly by FEMA or through private insurers,

such as State Farm in the instant matter. *See id.* The National Flood Insurance Act provides that

private insurers who issue these policies are fiscal agents of the United States. 42 U.S.C. § 4071.

However, the private insurers such as State Farm do not have authority to establish the terms and

conditions of the NFIP policies. *See* 44 C.F.R. § 61.4(b). Rather, FEMA sets the terms and

conditions, and the policies must be issued in the form of the SFIP. *Id.* The provisions of the

SFIP may not be altered, varied, or waived absent the express written consent of the Federal

Insurance Administrator. 44 C.F.R. § 61.13(d).

The provisions of an insurance policy issued pursuant to a federal program must be strictly

construed and enforced. *Gowland,* 143 F.3d at 954**;** *Forman v. FEMA,* 138 F.3d 543, 545 (5th

Cir. 1998). Failure to so construe runs afoul of the Appropriations Clause of the United States

Constitution. *Gowland,* 143 F.3d at 955. The SFIP issued to the Plaintiff, as with all SFIP's,

requires the insured to file a signed and sworn proof of loss within 60 days after the alleged loss.

(SFIP, Article VII(J)(4) found at Defendant's Mot. Summ. J., Ex. 1).  In this case, after Hurricane

Katrina, the Acting Federal Insurance Administrator changed the deadline to a one-year

deadline.

The requirements for submitting proof of loss are detailed in 44 C.F.R. § 61, App. A(1), Art.

VII (J)(4):

> Within 60 days after the loss, send us a proof of loss, which is your statement of the amount
> you are claiming under the policy signed and sworn to by you, and which furnishes us with
> the following information:
>     a.  The date and time of loss;
>     b.  A brief explanation of how the loss happened;
>     c.  Your interest (for example, "owner") and the interest, if any, of others in the
>         damaged property;
>     d.  Details of any other insurance that may cover the loss;
>     e.  Changes in title or occupancy of the covered property during the term of the policy;
>     f.  Specifications of damaged buildings and detailed repair estimates;
>     g.  Names of mortgagees or anyone else having a lien, charge, or claim against the
>         insured property;
>     h.  Details about who occupied any insured building at the time of the loss and for what
>         purpose; and
>     i.  The inventory of damaged personal property described in J.3. above.

It does not appear that the Plaintiffs ever submitted a signed and sworn proof of loss

statement.  In opposition to the motion for summary judgment, the Plaintiffs claim that State

Farm had received sufficient information, in the claim file and in a letter, to satisfy the proof of

loss requirements. The Plaintiffs argue that strict compliance with the proof of loss requirement

is not necessary and that the information submitted to State Farm was sufficient to put the

government on notice that of a flood insurance claim.

A recent decision from the Louisiana Fifth Circuit Court of Appeal reveals that the

Plaintiffs' belief that strict compliance with the proof of loss requirements is not necessary is

misguided. In *Marseilles Homeowners Condominium Association, Inc. v. Fidelity National*

*Insurance Company*, 2008 WL 4150108 (5th Cir. Sept. 10, 2008), the insured filed a claim

pursuant to a flood policy issued under the NFIP. The insured disputed the amount of damages

and submitted information in writing seeking payment for additional losses. The Fifth Circuit

affirmed summary judgment in favor of the defendant insurer where the plaintiff did not meet the

requirements of 44 C.F.R. § 61, App. A(1), Art. VII (J)(4). "Marseilles contends that because it

submitted information regarding its loss to Fidelity, there is a fact issue with respect to the

adequacy of the proof of loss. To sustain this contention would be in direct contravention of our

precedent. 'Under FEMA regulations, strict adherence is required to all terms of the SFIP.'"

(Citing *Forman v. Federal Emergency Management Agency*, 138 F.3d 543, 545 (5th Cir. 1998)).

The law in the Fifth Circuit is clear that a failure to provide such proof of loss pursuant to

the express terms of the policy warrants dismissal or judgment as a matter of law. *See, e.g.,*

*Gowland v. Aetna,* 143 F.3d 951, 954 (5th Cir.1998) ("As the provisions of an insurance policy

issued pursuant to a federal program must be strictly construed and enforced, we hold that an

insured's failure to provide a complete, sworn proof of loss statement, as required by the flood

insurance policy, relieves the federal insurer's obligation to pay what otherwise might be a valid

claim."); *Henly v. Allstate Ins. Co.,* 2008 WL 89970, at *2 (E.D.La. Jan. 8, 2008) ("As a matter

of law, the failure to timely file the requisite proof of loss and failure to provide documentation

of [the Plaintiff's] loss prior to filing this suit are fatal to Plaintiff's instant claims against [the insurer]."); *Guillot v. Allstate Ins. Co.,* 2008 WL 45359, at *2 (E.D.La. Jan. 2, 2008) ("Plaintiff's failure to provide adequate documentation of her loss is sufficient grounds for granting defendant partial summary judgment."); *LeBlanc v. State Farm Ins. Co.*, 2008 WL 1990817 (E.D. La. May 5, 2008).The Code of Federal Regulations provides that no provision of the SFIP may be altered, varied, or waived without the express, written consent of the Administrator. 44 C.F.R. § 61.13. The Plaintiff does not claim and there is no evidence to suggest that an express, written waiver occurred in this case with regard to the proof of loss requirement.

The Court finds that recent decisions from both the United States Court of Appeals for the Fifth Circuit and from this Court clearly demonstrate that the plaintiff's claims in this case fail as a matter of law. As the Court decides the matter on the failure of the Plaintiff to submit the required proof of loss, the Court need not reach the other issues raised by the Defendant in its motion.

## IV.    Conclusion

For the foregoing reasons, IT IS ORDERED that Defendant State Farm Fire and Casualty Company's Motion for Summary Judgment (Rec. Doc. No. 41) is GRANTED.

New Orleans, Louisiana this 7th day of October, 2008.

UNITED STATES DISTRICT JUDGE