# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| BONITA KING, ET AL. | CIVIL ACTION |
| VERSUS | NO. 07-73 |
| STATE FARM INSURANCE ET AL | SECTION "L" (5) |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### I. PROCEDURAL HISTORY

This case arises out of property damage as a result of Hurricane Katrina. Plaintiffs allege that the hurricane caused substantial water damage with resulting mold damage to Plaintiffs' one-bedroom condominium unit OB in the Casa Grande Condominium building located at 4900 St. Charles Avenue in New Orleans, Louisiana. Defendant, the Casa Grande Condominium Association, Inc. ("Casa Grande") is an association of unit owners in the Casa Grande Condominiums. Plaintiffs' unit was located within the Casa Grande Condominiums. As a result of Hurricane Katrina, Plaintiffs notified the Defendant and made claims under the applicable policies for damages sustained to their unit. These claims were either denied or only partially paid. Plaintiffs filed suit against the Defendant claiming that because of the negligence of Casa Grande Condominium Association or its agent, the insurance coverage on Plaintiffs condominium unit was improper and inadequate to cover the loss sustained. Plaintiffs also claim that, due to the Defendant's negligence, improper or inadequate inspections of the unit were conducted and inadequate assessments of the damage resulted. Defendant denies liability and claims that Plaintiffs either knew or should have known of the extent of coverage and should

1

have taken steps to secure their own or better coverage. Defendant also questions the nature and extent of the Plaintiffs damage and asserts that the Plaintiffs did not make the extent of their damages known timely.

The matter came on for trial without a jury. The Court has carefully considered the testimony of all of the witnesses, the exhibits entered at trial, and the record. Pursuant to Rule 52(a) of the Federal Rules of Civil Procedure, the Court hereby enters the following findings of fact and conclusions of law. To the extent that any findings constitute conclusions of law, the Court hereby adopts them as such, and to the extent that any conclusions of law constitute findings of fact, the Court hereby adopts them as such.

## II. FINDINGS OF FACT

(1)

Casa Grande Condominium Association, Inc. (hereinafter "Casa Grande") is a Louisiana non-profit corporation composed of the unit owners and through which the unit owners manage and regulate condominium units in the Casa Grande Condominium Building. The Association is governed by a board of directors elected by the unit owners. The Association held a policy of insurance covering the building and its units with Standard Fire Insurance Company ("Standard Fire").

(2)

Casa Grande Condominiums is located at 4900 St. Charles Avenue in New Orleans, Louisiana.

(3)

Bonita King and Gary Hartman have owned the one-bedroom condominium unit OB at

2

the Casa Grande Condominiums since 2002.

(4)

On August 29, 2005, Hurricane Katrina struck the New Orleans area, resulting in flood water entering the inside of unit OB, as well as other areas of the building.

(5)

As a result of the flood waters which entered unit OB, Plaintiffs' unit suffered substantial water and mold damage to the floor, walls, doors, appliances, furniture and other contents.

(6)

Since the purchase of the condominium unit OB at Casa Grande Condominiums by Plaintiffs in 2002, Plaintiffs have maintained insurance coverage against flood damage through a Standard Flood Insurance Policy issued through the National Flood Insurance Program and written by State Farm under Policy Number 98-RS-1558-7. The policy limit for building damages under Coverage A of the SFIP issued by State Farm to Plaintiffs was $50,800.00.

(7)

The Standard Flood Insurance Policy issued to Plaintiffs by State Farm for unit OB contained "another insurance clause" which made the Plaintiffs' policy an excess policy to the primary policy of the Condominium Association. Section VIIC2 of Plaintiffs' policy states, "If there is other insurance in the name of your condominium association covering the same property covered in this policy, then this policy will be in excess over the other insurance".

(8)

Casa Grande Condominium Association had a Standard Flood Insurance Policy covering

the building and its units. This policy was issued by Standard Fire Insurance Co. and was administered by Travelers Insurance Co. It insured against loss from flood to the residential condominium building including all units within the building and the improvements. Since this policy covered the plaintiff's unit, according to the terms of the Plaintiff's policy, it provided primary coverage and the Plaintiff's policy provided only excess coverage.

(9)

Sometime prior to August 29, 2009 the Condominium Association with the consent of its members authorized its insurance agent to increase the limits of its policy to $2,471,000.00. Instead the agent erroneously obtained a policy for $247,100.00. This was in fact the policy limits for the Association's policy at the time Katrina struck the area and it was grossly insufficient.

(10)

The insufficient insurance secured by the Condominium Association caused a co-insurance penalty of 86% to be applied to the Association's claim for building damage resulting from Hurricane Katrina, including the damage to unit OB.

(11)

The 86% co-insurance penalty caused the Association's total flood claim of $46,414.37 to be reduced to the amount of $6,498.01, with a net payment of $5,498.01, after the $1,000 deductible was applied. The portion of this amount assigned for the plaintiff 's damage was $257.29. Because this policy was primary, its limits had to be exhausted before the Plaintiffs policy could come into effect.

(12)

The Casa Grande Board of Directors, and particularly its President, Ron Roberts, had more than ample opportunity to review the Flood Policy Declarations Sheet after it was issued in April 2005, in order to confirm the proper amount of insurance was secured, prior to the occurrence of Hurricane Katrina on August 29, 2005, but failed to do so.

(13)

The Casa Grande Board of Directors further failed to understand the provisions of the Condominium Association Flood Policy and the coverage provided under said policy, particularly the primary nature of said coverage versus the individual unit owners policy, such as that secured by Plaintiffs herein.

(14)

As a result of the insufficient insurance secured by the Condominium Association, the Plaintiffs' damages to unit OB which were included in the Association's Claim were reduced by the 86% co-insurance penalty.

(15)

The result of the co-insurance penalty, caused by the Association's error in not properly securing the proper insurance, was that the Association and its unit owners lost 86% of the total payments which could have been received under the Association's Policy. Another effect was to prevent the policy limits from being exhausted so that excess policies such as the Plaintiffs' could not become effective.

(16)

The Casa Grande Condominium Association was the sole insured under the Association Flood Policy so the only claim that could be pursued was by the Condominium Association on

behalf of the Association, as well as on behalf of the owners of any units which were damaged in the flood.

(17)

After the storm, Plaintiffs were in continuous communication with the Casa Grande board throughout the handling of this matter, concerning the damage claim for unit OB.

(18)

Plaintiffs, through their emails, promptly advised the Condominium Board of State Farm's position that the Plaintiffs' Unit Owners Policy was excess to the Association's Policy.

(19)

Since the Association was the only insured under the Association's insurance policy, Plaintiffs could make no claim against the Standard Fire Policy.

(20)

By letter dated May 5, 2006, Ron Roberts, President of the Casa Grande Condominium Association, writing on behalf of the Board, advised Plaintiffs that the Association had reached a settlement with Travelers and that the portion owed to Plaintiffs for flood damage totaled $257.29. A check in this amount was tendered to the Plaintiffs for their damages to unit OB.

(21)

The settlement documents from Travelers, dated March 24, 2006, but sent to Plaintiffs on May 5, 2006, reflect that the total claim for unit OB damages submitted by the Association totaled only $2,324.04.

(22)

The claim of $2,324.04 constituted the entire claim for the damage to unit OB submitted

by the Association to Travelers against the Standard Fire Flood Policy.

(23)

The Plaintiffs were never provided the Travelers Building Repair Estimate totaling $2,324.04 for unit OB damages prior to receiving the documents May 2006 from the Association.

(24)

At that time and prior thereto, the Association had sufficient notice of the severe, significant damage to unit OB, including knowledge that unit OB was uninhabitable after Hurricane Katrina. The Association was on notice that the damages sustained to the unit far exceeded the estimated damages submitted on behalf of Plaintiffs by the Association.

(25)

Plaintiffs protested the meager payment made under the Travelers/Standard Fire Policy for the damages to unit OB in writing over many months.

(26)

Subsequent to August 29, 2005, Plaintiffs began to mitigate their loss to condominium unit OB.

(27)

This mitigation effort involved hiring Kevin Hurtt, a family friend, to remove the water damaged items from inside of the condominium unit, as well as commence removal of the damaged sheet rock which had received water damage from Hurricane Katrina.

(28)

Furthermore, unit OB had sustained significant mold damage since a period of time had

passed before arrangements could be made to have anyone commence mitigation activities at the Casa Grande Condominiums.

(29)

The contractor expense paid by Plaintiffs totaled $40,040.00 which was paid to HLN Contractors (David Klump) and Kevin Hurtt.

(30)

The materials, appliances and other expenses related to the fixtures in the unit totaled $9,508.99.

(31)

The miscellaneous expenses totaled $8,015.55.

(32)

Plaintiffs sustained losses and incurred expenses in connection with these losses totaling $57,636.54.

CONCLUSIONS OF LAW

(1)

This Court has jurisdiction pursuant to 28 U.S.C. § 1331, Federal Question Jurisdiction, and 28 U.S.C. § 1367, Supplemental Jurisdiction. Venue is appropriate in this district.

(2)

The matter before this Court is the determination of Casa Grande's negligence in failing to secure proper insurance for the property and Casa Grande's negligence in failing to appropriately handle its claim for Plaintiffs' damages.

(3)

In Louisiana, courts employ a duty-risk analysis to determine the potential negligence of a defendant. *Long v. State Dept. of Trans. & Dev*., 916 So.2d 87, 101 (La. 2005). Generally, this analysis involves five separate elements: 1) proof that the defendant had a duty to conform its conduct to a specific standard (the duty element); 2) proof that the defendant's conduct failed to conform to that standard (the breach element); 3) proof that the defendant's conduct was cause-in-fact of plaintiff's injuries (the cause-in-fact element); 4) proof that the defendant's conduct was legal cause of plaintiff's injuries (the scope of liability element); and 5) proof of actual damages (the damages element). *Id.*

(4)

Under Louisiana law, an insured has a duty to read and to know the provisions of his insurance policy. *Veron v. Talamo*, 2006 WL 3759561 at *2 (E.D. La. 2006). The Fifth Circuit has noted that "the client is himself considered responsible for adequately advising the agent of the coverage needed and for reading the clear provisions of the insurance policy." *Motors Ins. Co. v. Bud's Boat Rental, Inc.*, 917 F.2d 199, 205 (5th Cir. 1990). Ron Roberts, as President of the Board, had a duty to review the flood insurance policy once it was obtained. He failed to do so. Casa Grande, as the named insured under the policy, had a duty to read its policy of insurance. It failed to do so.

(5)

Only the insured is entitled to the benefits under the Standard Fire policy. The policy only applies to the insured as shown on the Declarations page of the policy, which in this case only named Casa Grande Condominium Association. Therefore only the Casa Grande

Condominium Association could make a claim under the Standard Fire policy. Under the Federal Rules of Civil Procedure, the Plaintiffs were not able to intervene in the suits between the Casa Grande Association, Standard Fire, and the agent, Alvarez.

(6)

The Standard Fire Flood Policy procured by Casa Grande was the primary policy, while the State Farm policy was secondary. Because the evidence shows that the policy limits under the Association's policy were never exhausted, there was no claim to be made upon the Plaintiffs' policy with State Farm.

(7)

Because the insufficient insurance was placed on the Casa Grande policy and the Association was the named insured, the Plaintiffs had no standing to sue the insurance agent.

(8)

The Plaintiffs' lawsuit against Casa Grande Association in August 2006 did not prohibit the Association from proceeding with claims against Standard Fire or their insurance agent, Alvarez, for damages to unit OB. Indeed, Casa Grande Association, as the insured under the Standard Fire flood policy, and as the sole entity in a position to pursue its claims, including damages to Plaintiffs' unit, should have pursued these claims against Standard Fire or Alvarez.

(9)

After listening to the testimony and observing the witnesses, the Court concludes that only Casa Grande was in the legal position to pursue the damage claim against the agent or against Standard Fire under the flood policy, and the Condominium Association failed to pursue either claim for the damages sustained to unit OB.

(10)

Casa Grande had more than adequate information about the Plaintiffs' damages resulting from Hurricane Katrina. Therefore the Association was negligent in failing to pursue claims on behalf of Plaintiffs against the agent, Alvarez, and Standard Fire.

(11)

Defendant was under no obligation to get primary insurance to cover the building and the condo units within the building. However, once the Association contracted for such insurance and informed the residents that the policy would have a $2,400,000 limit, it was under an obligation to ensure that the Association actually received what it contracted for. Defendant breached that duty by failing to review the policy or Declarations page at any point after procuring the policy.

(12)

Defendant takes the position that Plaintiffs were contributorily negligent because they should have provided the Defendant details about their damages. The Plaintiffs did indicate that their property was damaged. Even if Plaintiffs reported itemized damages, the Defendant did not think Plaintiffs' unit was included or should be included under the terms of the policy. Defendant operated under the assumption that its own policy of insurance covered only common areas. As a result, Defendant failed to include Plaintiffs' damages in its claim against the primary insurer. Because of this failure, Casa Grande did not receive the appropriate amount for covered damages to the Plaintiffs' unit. Thus, the Court finds that the Defendant's negligence in failing to secure appropriate insurance and in failing to apprise itself of the type of insurance it acquired was the cause-in-fact of Plaintiffs' damages.

(13)

Defendant asserts that La. Rev. Stat. § 9:1123.102 of the Louisiana Condominium Act prevented Defendant from filing suit in its own name on behalf of an owner of a single unit. La. Rev. Stat. § 9:1123.102(4) states that "[s]ubject to the provisions of the declaration, the association, even if unincorporated, *may*: . . . [i]nstitute, defend, or intervene in litigation or administrative proceedings in its own name on behalf of itself or two or more unit owners on matters affecting the condominium." (emphasis added). This statute is permissive in nature, granting a condominium association power to bring action or intervene in litigation involving its property. *See Harris v. Federal Fibre Mills Condominium Ass'n, Inc.*, 843 So.2d 457, 461-62 (La. App. 4 Cir. 2003) ("La. R.S. 9:1123.102, which sets forth the powers of the unit owners' association, *is strictly permissive*. Nothing in the statute mandates the Condominium Association to enforce rules and regulations to protect unit owners from disturbances created by other unit owners and/ or their lessees, tenants, or occupants.") (emphasis added). The Court declines to find that the Louisiana Condominium Act prevented the Defendant from acting, or otherwise eliminated an existing duty to act with reasonable care.

(14)

The Court finds that Plaintiffs are entitled to recover damages related to their claim. Defendant dealt with an agent and had a duty to report appropriate damages. The Defendant was the sole party in the position to seek appropriate damages from its agent. Although the Defendant was aware the Plaintiffs suffered damages, and the Defendant pursued a claim against its agent, it took no action on the Plaintiffs' claim as it operated under the mistaken assumption that Plaintiffs' unit was not covered under the Defendant's primary policy. Because of this mistake

the Defendant under reported the damages to the property, and excluded Plaintiffs from the claim and settlement.

(15)

After the storm Bonita King paid Kevin Hurtt $5,040 to remove sheet-rock, carpet and furniture. Additionally Ms. King employed Mr. Klump, a contractor, to make repairs from September to March, 2006. The total cost of Mr. Klump's work was $35,000. Plaintiffs incurred total damages in the amount of $57,636.54. The costs involving Plaintiffs' refrigerator, in the amount of $1,473, were covered by Met Life Insurance. Thus, Plaintiffs are not entitled to recover the refrigerator costs. Plaintiffs incurred $8,015.55 in travel expenses. These expenses are not attributable to Defendant's negligence. Thus, Plaintiffs are not entitled to recover travel-related costs. Plaintiffs received $275.29, a pro rata share of Casa Grande's recovery from Standard Fire. Plaintiffs are not entitled to double recovery. Thus, after adjusting Plaintiffs' costs, the Court finds that the Plaintiffs are entitled to $47,872.70.

(16)

The Court finds an award of prejudgment interest from the date of judicial demand is appropriate in this case at the rate of 3% percent for past damages as described above.

## SUMMARY

On the basis of the foregoing Findings of Fact and Conclusions of Law, the Court finds the Plaintiffs are entitled to judgment against Casa Grande Condominium Association, Inc. in the amount of $47,872.70 with interest thereon at the rate of 3% per annum, from January 4, 2007, until paid in full. Plaintiffs shall also recover costs from the Defendant. A separate judgment will be entered in accordance with these findings of fact and conclusions of law.

IT IS SO ORDERED.

New Orleans, Louisiana this 5th day of October, 2009.

_____
UNITED STATES DISTRICT JUDGE